SUMMARY ORDER

Petitioner Mei Guan Zheng, a native and citizen of the People’s Republic of China, seeks review of an August 5, 2008 order of the BIA denying his motion to reopen. In re Mei Guan Zheng, No. A072 366 143 (B.I.A. Aug. 5, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shoo v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Zheng’s untimely motion to reopen.
As an initial matter, we are precluded from considering Zheng’s challenge to the agency’s adverse credibility determination in his underlying proceedings, as our review is limited to the BIA’s August 2008 decision denying his motion to reopen. See Kaur v. B.I.A., 413 F.3d 232, 233 (2d Cir.2005).
Zheng argues that the BIA abused its discretion when it found that his documents were insufficient to establish changed circumstances in China. That argument is unavailing, as the BIA reasonably questioned the reliability of Zheng’s evidence because it contained inadequate information about its authors or was unintelligible, particularly because the agency had rendered an adverse credibility determination in his underlying proceedings. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 148-49 (2d Cir.2007) (finding that the BIA’s refusal to credit an unauthenticated document was not error because the rejection of the document was based substan *48 tially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant’s evidence in immigration proceedings lies largely within the discretion of the agency). Because Zheng fails to identify any evidence to rebut the BIA’s finding that his “fear of persecution does not appear warranted by current country conditions,” we cannot find that the BIA abused its discretion in denying his motion to reopen. See Jian Hui Shoo, 546 F.3d at 159-66.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).